## GREAT NORTHERN RY. CO. v. MUSTELL.

(Circuit Court of Appeals, Ninth Circuit. May 3, 1915.)

### No. 2509.

1. MASTER AND SERVANT ☞278, 280—INJURIES TO SERVANT—SUFFICIENCY OF EVIDENCE—NEGLIGENCE OF MASTER—ASSUMPTION OF RISK.

In an action under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, §§ 8657–8665]) for the death of a car checker, evidence *held* to warrant a finding that the railroad company was negligent in violently shunting a string of cars against the one which struck and killed the checker, and that the checker did not assume the risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977, 981–986; Dec. Dig. ☞278, 280.]

2. MASTER AND SERVANT ☞297—INJURIES TO SERVANT—SPECIAL VERDICT—ASSUMPTION OF RISK.

Where the jury returned a general verdict for plaintiff in an action for the death of a railroad employé, and in answer to a special question as to whether the employé assumed the risk replied, "No unusual risk," the answer must be taken to mean that the risk of the injury which caused the death was an unusual one, which he did not assume, since in no other way can it be reconciled with the general verdict.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1195–1198; Dec. Dig. ☞297.

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Frank H. Rudkin, Judge.

Action by Grace Mustell, as administratrix and personal representative of the estate of Fred G. Mustell, deceased, against the Great Northern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Charles S. Albert and Thomas Balmer, both of Spokane, Wash., for plaintiff in error.

Plummer & Lavin, of Spokane, Wash., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

GILBERT, Circuit Judge. Fred G. Mustell, a car checker employed by the Great Northern Railway Company, the defendant herein, was on his way to the depot to turn in his report of cars that he had checked, and, accompanied by one Cantley, was crossing the tracks of the defendant in the yard at Hillyard, Wash. Upon track No. 1 stood a string of about 15 box cars, with the brakes set. Mustell and Cantley started to cross this track at a short distance from the end of the string of box cars. There was nothing to indicate to them that the cars were about to be moved, or that other cars were about to be kicked down against them. They could see the switch engine, which stood about 1,025 feet distant, and its smoke "going straight up" was an indication to them that the engine was standing still. The track curved away from the place where the box cars were standing, so that, as Mustell and Cantley approached track No. 1, they could not see any other cars approaching or being kicked against the cars which stood there. Just as Mustell got upon the track, the string of box cars suddenly and without warning moved, striking Mustell, who was 5 or 6 feet in advance of Cantley, before he had time to get out of the way.

The plaintiff, as administratrix, in her complaint to recover damages for the death of Mustell under the federal Employers' Liability Act, alleged negligence on the part of the defendant, in that the switching crew suddenly caused the cars which were standing upon the track to be moved violently forward and upon the said Mustell, knocking him down and causing him injuries which resulted in his death.

[1] The defendant assigns error to the denial of its motion for an instructed verdict in its favor at the close of the testimony, on the ground that there was no evidence to go to the jury to show that the cars which struck Mustell were moved in an extraordinary, unusual, or negligent manner, and that the evidence proved that Mustell was thoroughly familiar with the switching movements in the yards, appreciated the danger, and assumed the risk thereof. We think the court committed no error in submitting the case to the jury. There was evidence tending to show that the defendant was negligent. Mustell, a car checker, in the ordinary course of his duties, was crossing the defendant's tracks. He found upon track No. 1 a string of freight cars with at least three brakes set. He undertook to cross the track at a distance of 3 or 4 feet from the end of the standing cars. There was evidence tending to show that the cars were struck with great violence by another group of eight or ten cars that had been kicked down upon the same track. There was nothing to warn Mustell that such a movement was about to take place. He could see the smoke of the switch engine at a distance of more than 1,000 feet away, and the smoke indicated that the switch engine was standing still. Whether he heard any sound of approaching cars, or of any warning movement of the string of cars which struck him, cannot be known; but Cantley, who was with him, and who at the time of the trial was in the employment of the defendant, testified that he heard no sound of the taking up of the slack between the standing freight cars, such as would ordinarily be heard when they were struck with another car

for the purpose of coupling onto them, but that the whole group of cars moved suddenly and with such force as to knock Mustell to one side of the track, and to move four car lengths beyond the point where Mustell was crossing, and Cantley himself barely escaped with his life.

The defendant contends that the movement of the cars was in the ordinary course of coupling the same, and that it was a "running switch"; but there was evidence to the contrary. A witness testified that the cars were "moved violently," and a switchman on the moving string of cars that struck the standing cars stated that the former were "cut off," and struck the cars standing on track No. 1, "bumping them back four or five car lengths." Cantley testified:

"I heard the crash of the coupling. The end of the car that Mustell and I were passing by at that time moved very quickly. It hit Mustell."

The jury, in answer to the special questions which were submitted to them, found that the switch was not a "running switch," and that the cars were moved in an "extraordinary and unusual manner." Mustell was an active young man 23 years of age, and had had experience of 2 years in the yards. Cantley had been 2 days under his charge, to receive instruction concerning the checking of cars. We may infer that Mustell was careful, for he had warned Cantley to be careful, and not to climb around on the cars, as they were liable to switch at almost any time, and kick a bunch of cars and hurt him. The evidence was that there was no man standing upon any of the cars, and that no warning was given of any kind of the approach of the cars that were kicked from the switch engine.

[2] In view of the evidence, the question of the assumption of risk was a question for the jury. The charge of the court to the jury is not presented to us in the bill of exceptions, and we must assume that the jury were properly instructed upon that subject. The special question was presented to them: "Did Mustell assume the risk?" and their answer was, "No unusual risk," which must be taken to mean that the jury found that the risk of the injury which caused Mustell's death was an unusual one, and that he did not assume it, for their general verdict for the plaintiff could have been based on no other theory.

We find no error. The judgment is affirmed.