# CENTRAL VERMONT RAILWAY COMPANY *v.* WHITE, ADMINISTRATRIX OF WHITE.

### ERROR TO THE SUPREME COURT OF THE STATE OF VERMONT.

No. 407. Argued April 23, 1915.—Decided June 21, 1915.

The filing of a large number of assignments of error perverts the purpose of the rule requiring assignments, and the practice cannot be approved. *Phillips* v. *Seymour*, 91 U. S. 648.

On writ of error to review a judgment of the state court in an action under the Federal Employers' Liability Act, this court considers only assignments relating to matters of practice, pleading and evidence involving the construction of the Federal statute.

It was not error in the trial court to refuse to direct a verdict for defendant on the ground that the proof failed to show negligence in allowing a faster freight train to run into a slower train in front of it, the engineer of the former having received notice that the track was clear and that it might proceed. The evidence was sufficient to support a verdict.

The Federal Employers' Liability Act abolishes the fellow servant rule and an employé does not assume risks arising from unknown defects in engines, machinery or appliances.

While matters of procedure depend upon the law of the place where the suit is brought, matters of substance in regard to an action based on a Federal statute depend upon the statute; and in an action under the Employers' Liability Act the burden of proof as to whether the employé was guilty of contributory negligence is a matter of substance and not of mere state procedure.

The Federal courts have uniformly held that as a matter of general law the burden of proving contributory negligence is on the defendant, and have enforced the principle even in States which hold, as does Vermont, that the burden is on the plaintiff of proving that he was not guilty thereof.

In passing the Federal Employers' Liability Act Congress intended that it should be construed in the light of the decisions of the Federal courts made prior to the enactment in this respect.

In an action under the Employers' Liability Act rulings of the state court in regard to the effect of amendments and replications are

matters of state pleading and practice and the decisions of the state court are binding on this court.

Under Lord Campbell's Act, and in a few of the American States, the jury apportion damages in cases of death by negligence of defendant, but the omission of this requirement in the Employers' Liability Act indicates the intention of Congress to follow the practice in most of the American States of not requiring such apportionment.

In case the plaintiff sues under the Employers' Liability Act for the benefit of parties not entitled to share in the recovery, and if the verdict is increased as the result of such inclusion, defendant may raise the question in a manner appropriate under the practice of the court in which the trial is had. *North Carolina R. R.* v. *Zachary*, 232 U. S. 248.

Questions of general law in regard to admission of evidence in regard to delivery and contents of written papers and as to inspection of engines which involve no construction of the Employers' Liability Act cannot, under § 237, Judicial Code, be reviewed on writ of error to the state court.

87 Vermont, 330, affirmed.

THE facts, which involve the validity of a judgment for damages for personal injury in an action under the Employers' Liability Act, are stated in the opinion.

*Mr. J. W. Redmond* for plaintiff in error.

*Mr. Warren R. Austin* for defendant in error.

MR. JUSTICE LAMAR delivered the opinion of the court.

1. On January 12, 1912, Enoch L. White was killed in a rear end collision while employed as brakeman on the Vermont Central, an interstate Railway. His Administratrix sued the Company, in a Vermont court, for "the benefit of the widow and next of kin, minor children." The jury returned a verdict of $7,168. The judgment thereon was affirmed by the Supreme Court of the State (87 Vermont, 330) and the case was brought here on a record containing so many assignments, covering 18

printed pages, as to make it proper to repeat the ruling in *Phillips* v. *Seymour*, 91 U. S. 648 that the "practice of filing a large number of assignments cannot be approved. It perverts the purpose sought to be subserved by the rule requiring any assignments." "It points to nothing and thwarts the purpose of the rule" (*Chicago Great Western Ry. Co.* v. *McDonough*, 161 Fed. Rep. 659) which was intended to present to the court a clear and concise statement of material points on which the plaintiff in error intends to rely. Some of the assignments in the present case relate to matters of pleading; others to the admissibility of evidence, to the sufficiency of exceptions, and to various rulings of the trial court which involve no construction of the Employers' Liability Act and which, therefore, cannot be considered on writ of error from a state court. *Seaboard Air Line* v. *Duvall*, 225 U. S. 477, 486.

2. We shall, therefore, only consider those assignments, discussed in the brief, which raise a Federal question. Among them is the contention that the court failed to direct a verdict for the defendant because the proof failed to show negligence of the company or to prove the facts necessary to establish liability under the Federal law. *Southern Pac. Co.* v. *Schuyler*, 227 U. S. 601; *North Carolina R. R.* v. *Zachary*, 232 U. S. 248.

The evidence showed that on the night of Jan. 1st, 1912, Enoch L. White was employed by the Central Vermont Railway Company as brakeman on extra freight train No. 401. It had passed several miles north of Bethel, Vermont, and was proceeding up grade at a low rate of speed. White and the other employés thereon had no notice that it was followed by a faster freight train (No. 708), which, at Bethel, had received a "Clearance Card" indicating that the track ahead was clear and that it might proceed. The engine, pulling train No. 708, had a leaking cylinder, from which steam escaped in such

quantities as to make it impossible for the engineer to see the tail lights of the train on which White was employed. The result was that the faster train (708) ran into the slower train (401) and in the collision White was killed. The evidence was amply sufficient to sustain a finding that the death of White was due to the fault of the agents of the Railway Company.

3. Complaint is made because the court failed to instruct the jury as to the law respecting the assumption of risks. But there was not only no request to charge on that subject, but there is no evidence that White knew of the negligence of the agent in giving a "Clearance Card" or of the leaking cylinder which obscured the vision of the engineer. He did not assume the risk arising from unknown defects in engines, machinery or appliances, while the statute abolishes the fellow servant rule. 35 Stat. 65, § 2. Under the facts there was, therefore, no error in failing to charge the jury on the subject of assumption of risks. *Southern Ry.* v. *Gadd*, 233 U. S. 572; *Gila Valley Ry.* v. *Hall*, 232 U. S. 102; *Seaboard Air Line* v. *Horton*, 233 U. S. 492, 504.

4. The defendant, however, insisted that White knew his train was behind time and running at a low rate of speed. The Company contended that, in view of these circumstances, it was his duty, under the rules, to put out lighted fusees and torpedoes in order to give warning of the presence of train No. 401 on the track. On that theory the Company asked the court to charge that the burden was on the Administratrix to show that White was not guilty of contributory negligence. In considering that exception the Supreme Court of Vermont held that the defendant's contention was based on a correct statement of the state rule, but said "This case, however, is brought upon an act of Congress which supersedes the laws of the State in so far as the latter cover the same field. Consequently the question of the burden of proof respect-

ing contributory negligence on the part of the injured employé is to be determined according to the provisions of that act, . . . ," Citing *Seaboard Air Line* v. *Moore*, 193 Fed. Rep. 1022; *S. C.*, 228 U. S. 434.

In this court the argument was devoted principally to a discussion of this ruling—counsel for the Railroad Company earnestly insisting that "the *lex fori* must determine all questions of evidence, including that of the burden of proof. Wharton on Conflict of Laws (3d ed.), § 478b." It was argued that there is nothing in the Federal statute indicating an intent to change the state rule as to the burden of proof, and it is claimed that because of the court's mistaken construction of the Federal Act the Railway Company has been deprived of a right to which it was entitled under the laws of Vermont.

There can, of course, be no doubt of the general principle that matters respecting the remedy—such as the form of the action, sufficiency of the pleadings, rules of evidence, and the statute of limitations—depend upon the law of the place where the suit is brought. *McNiel* v. *Holbrook*, 12 Pet. 89. But matters of substance and procedure must not be confounded because they happen to have the same name. For example, the time within which a suit is to be brought is treated as pertaining to the remedy. But this is not so if, by the statute giving the cause of action, the lapse of time not only bars the remedy but destroys the liability. *Phillips* v. *Grand Trunk Ry.*, 236 U. S. 662; *Boyd* v. *Clark*, 8 Fed. Rep. 849; *Hollowell* v. *Horwick*, 14 Massachusetts, 188; *Cooper* v. *Lyons*, 77 Tennessee, 597 (2); *Newcombe* v. *Steamboat Co.*, 3 Iowa (G. Greene), 295. In that class of cases the law of the jurisdiction, creating the cause of action and fixing the time within which it must be asserted, would control even where the suit was brought in the courts of a state which gave a longer period within which to sue. So, too, as to the burden of proof. As long as the question involves a mere

matter of procedure as to the time when and the order in which evidence should be submitted the state court can, in those and similar instances, follow their own practice even in the trial of suits arising under the Federal law.

But it is a misnomer to say that the question as to the burden of proof as to contributory negligence is a mere matter of state procedure. For, in Vermont, and in a few other States, proof of plaintiff's freedom from fault is a part of the very substance of his case. He must not only satisfy the jury (1) that he was injured by the negligence of the defendant, but he must go further and, as a condition of his right to recover, must also show (2) that he was not guilty of contributory negligence. In those States the plaintiff is as much under the necessity of proving one of these facts as the other; and as to neither can it be said that the burden is imposed by a rule of procedure, since it arises out of the general obligation imposed upon every plaintiff, to establish all of the facts necessary to make out his cause of action. But the United States courts have uniformly held that as a matter of general law the burden of proving contributory negligence is on the defendant. The Federal courts have enforced that principle even in trials in States which hold that the burden is on the plaintiff. *Railroad* v. *Gladmon,* 15 Wall. 401 (1), 407–408; *Hough* v. *Railway Co.,* 100 U. S. 225; *Inland &c. Co.* v. *Tolson,* 139 U. S. 551 (4), 557; *Washington &c. R. R.* v. *Harmon,* 147 U. S. 581; *Hemingway* v. *Ill. Cent. R. R.,* 114 Fed. Rep. 843. Congress in passing the Federal Employers' Liability Act evidently intended that the Federal statute should be construed in the light of these and other decisions of the Federal courts. Such construction of the statute was, in effect, approved in *Sea Board Air Line* v. *Moore,* 228 U. S. 434. There was, therefore, no error in failing to enforce what the defendant calls the Vermont rule of procedure as to the burden of proof.

5. There are, however, a series of assignments in this record which must be disposed of in conformity with the general principle that matters affecting the remedy are to be governed by the law of the forum. They are all based on the fact that, while the Railway Company had lines running through Massachusetts and Vermont into Canada, the declaration contained no allegation that White was engaged in interstate commerce at the time of the collision. The Company made this the ground of a plea in bar. The Administratrix thereupon filed a Replication admitting that the deceased was engaged in such commerce at the time of his death. The Company demurred to the Replication on the ground that it was a departure from the cause of action under the state law and the assertion of a new cause of action under the Federal Employers' Liability Law. This demurrer was overruled and after verdict the defendant made the same facts the basis of a motion in arrest of judgment.

The evidence showed a liability under the Employers' Liability Act, and without stopping to discuss whether, on general principles, the motion should not have been overruled because the declaration was amendable to conform to the proof (*Grand Trunk Railway* v. *Lindsay*, 233 U. S. 48; *Toledo, St. L. & Western R. R.* v. *Slavin*, 236 U. S. 454) it is sufficient to say that the Supreme Court of · the State held that the defect in the original declaration · had been cured by the charge in the plea and the admission in the Replication that White was employed in interstate commerce. That decision on a matter of state pleading and practice is binding on this court.

6. Another assignment relates to the form of the verdict: The administratrix brought suit "for the benefit of the widow and next of kin, minor children." The defendant did not ask the court to instruct the jury to apportion the damages and there was a verdict for the plaintiff for $7,168. The defendant then moved in arrest "because

.the verdict of the jury in this case was a general verdict."
In this court there was a departure from the language
of the exception and error is assigned "because the judg-
ment being *in solido* is void under the Federal Employers'
Liability Law for the reason that damages must be appor-
tioned by the jury in accordance with the dependency of
the relatives entitled to recover for his death." In sup-
port of that contention, the defendant relies on the state-
ment in *Gulf &c. Ry.* v. *McGinnis*, 228 U. S. 176, that
"though the judgment may be for a gross amount, the
interest of each beneficiary must be measured by his or her
individual pecuniary loss. That apportionment is for
the jury to return. This will, of course, exclude any re-
covery in behalf of such as show no pecuniary loss."
That statement must be read in the light of the record
then before the court. It showed that one of those named
as a beneficiary was a married daughter of the deceased
living with her husband and supported by him. The
jury actually apportioned the damages, so the question
as to the validity of a verdict *in solido* was not raised by
the record. The quoted language is part of its holding,
that it was error to refuse to charge that the married
daughter was not a dependent of her deceased father.
But there was nothing in that record which would sup-
port a ruling that a general verdict was invalid or that the
verdict could be set aside because it failed to fix the
amount each beneficiary was to receive.

Under Lord Campbell's Act (9 & 10 Vict., ch. 93, § 2)
and in a few of the American States the jury is required to
apportion the damages in this class of cases. But even
in those States the distribution is held to be of no concern
to the defendant and the failure to apportion the damages
is held not to be reversible error (*Norfolk &c. Ry.* v.
*Stevens*, 97 Virginia, 631 (1), 634; *International Ry.* v.
*Lehman*, 72 S. W. Rep. 619)—certainly not unless the
defendant can show that it has been injured by such

failure.  The Employers' Liability Act is substantially like Lord Campbell's Act, except that it omits the requirement that the jury should apportion the damages.  That omission clearly indicates an intention on the part of Congress to change what was the English practice so as to make the Federal statute conform to what was the rule in most of the States in which it was to operate.  Those statutes, when silent on the subject, have generally been construed not to require juries to make an apportionment.  Indeed, to make them do so would, in many cases, double the issues; for, in connection with the determination of negligence and damage, it would be necessary also to enter upon an investigation of the domestic affairs of the deceased—a matter for Probate Courts and not for jurors.  If, as in the *McGinnis Case*, the plaintiff sues for the benefit of one who is not entitled to share in the recovery (*Taylor* v. *Taylor*, 232 U. S. 363; *North Carolina R. R.* v. *Zachary*, 232 U. S. 248), and if her inclusion in the suit might increase the amount of the recovery,—the defendant may raise the question, in such mode as may be appropriate under the practice of the court in which the trial is had, so as to secure a ruling which will prevent a recovery for one not entitled to share in the benefits of the Federal act.  But no such question was or could have been raised in the present case, since, as matter of law, the wife and minor children were all to be treated as entitled to share in the amount recovered for the death of the husband and father.  35 Stat. 65.

7. Assignments 25 and 27 relate to the refusal of the court to permit testimony as to the delivery and contents of the "clearance card" and the refusal to permit the Railway Company to show that under the Federal law all engines, including 708, had been inspected and found to be in good condition.  They both raise questions of general law.  They involve no construction of the Federal statute and neither directly nor indirectly affect any

Federal right. Those assignments, therefore, under Jud. Code, § 237; Rev. Stat., § 709, will not be reviewed on a writ of error to a state court. *Seaboard Air Line* v. *Duvall.* See also *Chicago Junction Ry.* v. *King*, 222 U. S. 222 and *Yazoo & Miss. R. R.* v. *Wright*, 235 U. S. 376, which state the rule where similar cases are brought here by writ of error to a Federal court.

*Judgment affirmed.*