FRED D. WARD, Respondent, v. ERIE RAILROAD COMPANY,
Appellant.

Third Department, November 18, 1918.

**Railroads — interstate commerce — when switchman not engaged
in interstate commerce — violation of Federal Safety Appliance
Act — remedy at common law for violation of said act superseded
by Workmen's Compensation Law.**

A switchman engaged in moving two empty intrastate cars from one track
to another in a railroad yard in this State, injured through the end car
which he was riding colliding with an interstate car upon a switch track,
which car was without a drawhead or end sill, was not employed in the
furtherance of interstate commerce and no liability arose therefrom under
the Federal Employers' Liability Act, and his only remedy is under the
Workmen's Compensation Law of this State.

Although the railroad company may have violated the Federal Safety
Appliance Act, said act does not provide a remedy, and the remedy under
the common law of this State has been superseded by the Workmen's
Compensation Law. The switchman, therefore, though he may have
suffered a wrong, has no remedy by an action at law, for the common
law which might have given it is non-existent.

KELLOGG, P. J., dissented, with memorandum.

APPEAL by the defendant, Erie Railroad Company, from
a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of Chemung
on the 5th day of March, 1918, upon the verdict of a jury
for $9,975, and also from an order entered in said clerk's
office on the 9th day of May, 1918, denying defendant's
motion for a new trial made upon the minutes.

*Stanchfield, Lovell, Falck & Sayles [Halsey Sayles of counsel],*
for the appellant.

*Mortimer L. Sullivan,* for the respondent.

H. T. KELLOGG, J.:

The plaintiff was a switchman in the railroad yard of the
defendant at Elmira. At the time of the accident he was
engaged in moving two empty cars, which were neither
beginning nor ending a railroad journey, from one track to
another in the yard. He was riding the end car, with his

foot over the forward end, and was injured through its collision with a third car standing upon a switch track, along which the two cars were being backed. The cars which plaintiff was engaged in moving were intrastate cars. The car with which one of them collided was an interstate car. The injury of the plaintiff was due to the fact that the interstate car was without a drawhead or end sill, so that the bodies of the cars came together in the collision, smashing the plaintiff's leg. As the plaintiff was engaged in moving intrastate cars merely he was not employed in the furtherance of interstate commerce, and no liability arose therefrom under the Federal Employers' Liability Act. (*Illinois Central Railroad* v. *Behrens*, 233 U. S. 473.) Since the plaintiff did not fall within the protection of this act which regulated interstate commerce, it would seem clear that his only remedy was under the Workmen's Compensation Law of the State of New York. However, the argument is made that the plaintiff has a cause of action under the Federal Safety Appliance Act of 1893, as amended by the Federal Safety Appliance Act of 1903 (27 U. S. Stat. at Large, 531, chap. 196, as amd. by 32 id. 943, chap. 976). It was shown that the interstate car with which the car ridden by the plaintiff collided was not equipped as provided by that act. That this defendant was negligent in reference to the defective car, and that such negligence was the cause of the accident has support in authority. (*Texas & Pacific R. Co.* v. *Rigsby*, 241 U. S. 33.) However, the Federal Safety Appliance Act, while it required all cars used by railroads engaged in interstate commerce to be equipped in a particular manner, failed to provide that an employee injured through such failure should have a cause of action. When, therefore, a suitor, as in the case of *Texas & Pacific R. Co.* v. *Rigsby* (*supra*), brings an action to recover damages for negligence, assigning a violation of the Federal Safety Appliance Act as a ground of negligence, he makes use of the common law of one of the States to provide him with a remedy, and uses a Federal statute to provide him with a wrong; and without the common law he is as incapable of success as he is without the statute. It is manifest that the common law of the State is subject to amendment, modification and withdrawal in any particular

which does not offend a constitutional prohibition.  That the Workmen's Compensation Law of the State of New York does not so offend has been established.  That law abolished the common law of the State in so far as it regulated the liability of employer to employee, and substituted a statutory liability in its place, together with a statutory court for the enforcement of the liability.  The plaintiff, therefore, though he may have suffered a wrong, has no remedy by an action at law, for the common law which might have given it, in the particular instance, is non-existent.

The judgment should be reversed and the complaint dismissed.

All concurred, except JOHN M. KELLOGG, P. J., dissenting, with a memorandum.

JOHN M. KELLOGG, P. J. (dissenting):

At the time of, and long before, the passage of the so-called Safety Appliance Law, it was the general law that if a statute required a thing to be done which was not done, and the failure to do it caused an injury to another, he may recover his damages from the party in default.  The Federal statute imposed a penalty of $100 for failure to comply with it.*  But the act was passed with knowledge of the general law that a failure to observe a statutory duty made the company liable for damages resulting therefrom.  Congress had in view not the local law of any State, but this general law, which may be treated as a part of the act.  It was unnecessary to state the liability which the general law recognized.  Congress well assumed that if the local law in some particular State did not recognize such liability, the general law, the spirit of which entered into the legislation, would control.  (*Central Vermont Railway* v. *White,* 238 U. S. 507; *Baltimore & Ohio Railroad* v. *Baugh,* 149 id. 368.)

" Again, according to the decisions of this court, it is not open to doubt that the responsibility of a railroad company to its employees is a matter of general law." (*Baltimore & Ohio Railroad* v. *Baugh, supra,* 374, 375.)

* See 27 U. S. Stat. at Large, 532, chap. 196, § 6, as amd. by 29 id. 85, chap. 87.— [REP.

It cannot be that in passing this law Congress intended that in some localities there should be a liability for damages for a non-compliance with it and in other localities no liability. It intended to make a uniform law, effective throughout the United States.

The 8th section of the act provides that an employee injured by a locomotive, car or train in use contrary to the provisions of the act, shall not be deemed to have assumed the risk although he continues in the employment after the unlawful use was brought to his knowledge.* This section is meaningless unless Congress intended to permit an injured employee to maintain an action for damages caused by the unlawful act. Clearly a State cannot pass an act providing that continuance in the employment, with knowledge of the defect, shall be an assumption of such risk; neither could it provide that an employee injured by such violation of the act shall have no action for damages. Neither can it create some new liability, enforcible outside of the courts, and provide that the action for damages, which the statute clearly contemplated, shall not be available. I, therefore, favor an affirmance.

Judgment and order reversed and complaint dismissed, with costs.

---

* See 27 U. S. Stat. at Large, 532, chap. 196, § 8.— [REP.