*Commission* v. *Nordenholt Corporation,* —— U. S. ——, decided May 29, 1922.) Blackmar, P. J., Kelly, Manning, Kelby and Young, JJ., concur.

THE GRAMATAN NATIONAL BANK OF BRONXVILLE, Respondent, v. GERSETA CORPORATION, Appellant.— Motion for reargument or for leave to appeal to the Court of Appeals denied, without costs. Stay continued for thirty days to enable defendant to apply to the Court of Appeals for leave to appeal to that court. Present — Blackmar, P. J., Rich, Jaycox, Kelby and Young, JJ.

JOHN DANIELSEN, an Infant, etc., by HANS A. DANIELSEN, His Guardian ad Litem, Respondent, v. MORSE DRY DOCK AND REPAIR COMPANY, Appellant.— The only point we find raised by appellant which seems to us to deserve serious consideration is the original charge of the court that the burden of proof as to contributory negligence was upon defendant, which was subsequently, at the request of plaintiff's counsel, changed by the court so as to put the burden on plaintiff. Appellant's claim is that the colloquy which took place at the time so strongly impressed the jury with the notion that the court believed the burden of proof to be on the defendant that the change in the charge still left the jury under that impression. Appellant claims this was error. We find, however, that in the Federal courts the general rule is that the burden of proof as to contributory negligence is upon the defendant, and, therefore, in no aspect of the case did the trial court commit error prejudicial to defendant. (See *Central Vermont Railway* v. *White,* 238 U. S. 507.) Judgment and order unanimously affirmed, with costs. Present — Blackmar, P. J., Rich, Kelly, Manning and Kelby, JJ.

THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant, v. VINCENZA MARENDINO, Respondent. (Appeal No. 2.) — We think the answer raises an issue as to the subject-matter of the indemnity agreement. It may be that on the trial the plaintiff can show that the indemnitors intended the agreement to apply to the bond in the County Court. Order denying plaintiff's motion for summary judgment* affirmed, with ten dollars costs and disbursements. Rich, Kelly, Jaycox and Young, JJ., concur; Blackmar, P. J., concurs in the result.

THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant, v. PIETRA MANNINO PICONE, Respondent. (Appeal No. 2.) — We think the answer raises an issue as to the subject-matter of the indemnity agreement. It may be that on the trial the plaintiff can show that the indemnitors intended the agreement to apply to the bond in the County Court. Order denying plaintiff's motion for summary judgment* affirmed, with ten dollars costs and disbursements. Rich, Kelly, Jaycox and Young, JJ., concur; Blackmar, P. J., concurs in the result.

KERR STEAMSHIP COMPANY, INC., Respondent, v. AUDITORE STEAMSHIP LINE, INC., and FRANK AUDITORE, Appellants. (Appeal No. 1.) — Order modified by giving to defendants permission to amend their answer as to the alleged counterclaim which seeks a reformation of the contract, upon payment of the costs of the action within twenty days after the entry of the order herein, and as so modified affirmed, without costs. No opinion. Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ., concur.

KERR STEAMSHIP COMPANY, INC., Respondent, v. AUDITORE STEAMSHIP LINE, INC., and FRANK AUDITORE, Appellants. (Appeal No. 2.) — Order reversed on

---

\* See Rules of Civil Practice, rule 113.— [REP.