**FRANCIS v. HUMPHREY.**

No. 3139.

District Court, E. D. Illinois.

Nov. 2, 1938.

N. Murry Edwards and Robert A. Harris, both of St. Louis, Mo., and Isaac

K. Levy, of Murphysboro, Ill., for plaintiff.

E. F. Lowenstein, of Danville, Ill., and C. E. Feirich, of Carbondale, Ill., for defendant.

WHAM, District Judge.

The case is now before the court upon defendant's motion to dismiss for insufficiency each count of plaintiff's complaint under which she seeks to recover for personal injuries received by her in a collision which occurred on an Illinois highway between the defendant's automobile while being driven by defendant and an automobile owned and driven by plaintiff's sister while plaintiff was riding in the latter as a guest of the sister. The complaint, filed on May 28, 1938, consists of five separate counts.

While both the complaint and the motion to dismiss were filed prior to the effective date of the Federal Rules of Civil Procedure, there seems to be no reason to except the procedural steps in this action from the application of said rules. Federal Rules of Civil Procedure, rule 86, 28 U.S.C.A. following section 723c.

The ground of defendant's motion which will be first considered is that each of counts 1, 2, 4 and 5 of the complaint is insufficient for the reason that it contains no allegation that the plaintiff was, prior to and at the time of the collision complained of, in the exercise of due care and caution for her own safety. Defendant says that such allegation is essential to a statement of a claim upon which relief can be granted and without it the claim must be held insufficient and the count stricken.

Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723(c), provides that a pleading which sets forth a claim for relief shall contain " * * * (2) a short and plain statement of the claim *showing that the pleader is entitled to* relief." (Italics mine.) Rule 12(b), 28 U.S.C.A. following section 723c, provides that a defendant may present by motion his defense that the plaintiff has failed in his pleading *to state a claim upon which relief can be granted.* (Italics mine.) It follows that under the new rules, as before, defendant's motion to dismiss must be sustained as to any count of plaintiff's complaint which fails to state a claim upon which relief can be granted and overruled as to any that states a claim upon which relief can be granted.

The law of Illinois is and has been that in a suit for damages based upon the negligence of another, plaintiff must not only allege and prove actionable negligence on the part of the defendant but he must also allege and prove freedom from contributory negligence on his own part. If this case were pending in a court of the State of Illinois, involving as it does an accident that occurred in Illinois, the complaint would be bad because it contains no allegation of due care on the part of plaintiff nor any other allegation from which it sufficiently appears that she was free from negligence contributing to her own injuries. Walters v. City of Ottawa, 240 Ill. 259, 88 N.E. 651; Stephens v. Illinois Central R. Co., 256 Ill.App. 111, 124, 125; Urban v. Pere Marquette R. Co., 266 Ill.App. 152, 164; Durbin v. McCully, 280 Ill.App. 81, 84; McDermott v. McKeown Transp. Co., 263 Ill.App. 325; Dee v. City of Peru, 343 Ill. 36, 174 N.E. 901.

The defendant insists that the federal court is bound in this case to apply the law of negligence and contributory negligence laid down by the Illinois courts in the decisions listed in the foregoing paragraph and in similar decisions. To support his contention he relies upon the recent decision of the United States Supreme Court in the case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 (decided April 25, 1938), which overruled the long prevailing doctrine of Swift v. Tyson, 16 Pet. 1, 10 L.Ed. 865, that upon questions of general law the federal courts are free, in the absence of a state statute or a local law, to exercise their independent judgment as to what the law is.

Prior to the decision in the case of Erie R. Co. v. Tompkins, supra, the law of negligence and of contributory negligence was uniformly held by the federal courts to be in the field of general law wherein the federal courts were not bound to follow the state decisions but were free to follow their own. The uniform federal rule was that contributory negligence constituted an affirmative defense and the plaintiff was not required to plead or prove due care, or freedom from contributory negligence as part of his case. Washington & G. Railroad Co. v. Glad-

mon, 15 Wall. 401, 405-408, 21 L.Ed. 114; Chicago Great Western R. Co. v. Price, 8 Cir., 97 F. 423; Cook Paint & Varnish Co. v. Hickling, 8 Cir., 76 F.2d 718; Central Vermont R. Co. v. White, 238 U.S. 507, 35 S.Ct. 865, 59 L.Ed. 1433, Ann. Cas.1916B, 252; Miller v. Union Pac. R. Co., 290 U.S. 227, 54 S.Ct. 172, 78 L.Ed. 285; Pokora v. Wabash R. Co., 292 U.S. 98, 54 S.Ct. 580, 78 L.Ed. 1149, 91 A. L.R. 1049. The last mentioned case arose in Illinois and though the Illinois rule then, as now, was directly to the contrary the Supreme Court said that the burden of proof was on the defendant to make out the defense of contributory negligence. And so the federal courts had held in Illinois from the beginning of the doctrine of Swift v. Tyson, supra.

But the decision in Erie R. Co. v. Tompkins, supra, has, legally speaking, "turned the world upside down." By that decision the independent body of so-called federal substantive law that had been built up through the years in the field of general law under the doctrine of Swift v. Tyson, supra, ceased to be controlling authority in the federal courts. Now each federal court must follow the substantive law of the state where the particular court is located or of the state where the action arose, as settled and declared by the courts of that state. Now the substantive laws of Illinois, as established by the decisions of her courts, as well as by her statutes, must be regarded as the controlling rules of decision in the trial of actions arising in that state in the federal courts. Erie R. Co. v. Tompkins, supra; Ruhlin v. New York Life Ins. Co., 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290; Hudson v. Moonier, 304 U.S. 397, 58 S.Ct. 954, 82 L.Ed. 1422; New York Life Ins. Co. v. Jackson, 304 U.S. 261, 58 S.Ct. 871, 82 L.Ed. 1329; Rosenthal v. New York Life Ins. Co., 304 U.S. 263, 58 S.Ct. 874, 82 L.Ed. 1330. Under the decision in Erie R. Co. v. Tompkins, supra, the substantive law of Illinois relating to negligence and contributory negligence must be followed by this court in this case. Erie R. Co. v. Tompkins, supra; Hudson v. Moonier, supra.

But plaintiff says that the law in Illinois applicable to contributory negligence, in so far as it makes freedom from contributory negligence a part of plaintiff's case to be alleged and proved by plaintiff, is not a rule of substantive law but is a rule of adjective law, which deals with a procedural problem that is controlled by the provisions of Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which went into effect on September 16, 1938; that said rule, by specific terms, makes contributory negligence an affirmative defense which must be asserted by the defendant in a responsive pleading; that this court is bound by the rule and the plaintiff, having filed her case in this court, is relieved of the burden imposed by the law of Illinois of alleging and proving as part of her case due care and caution on her part. Said Rule 8(c) reads:

"*Affirmative Defenses.* In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."

At first reading the rule seems to support the position of the plaintiff. In making application of this rule, however, consideration must be given to the statutory limitation on the scope and effect that can lawfully be given the rule.

The Act of June 19, 1934, § 1, U.S.C., Title 28, § 723b, 28 U.S.C.A. § 723b, which gave the United States Supreme Court its power and authority to prescribe general rules governing procedure in the federal District Courts in civil actions at law contains the provision: "Said rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant." U.S.C. Title 28, § 723b, 28 U.S.C.A. § 723b. If said Rule 8(c), a strictly procedural rule, be interpreted and applied so as to abridge or modify the substantive rights of the defendant or to enlarge the substantive rights of the plaintiff in this case, as established by the law of Illinois, the rule as thus interpreted and applied, is necessarily unauthorized and void.

Even without said statutory limitation upon the rule making power of the Supreme Court it would be necessary to consider the effect of this language of the court in Erie R. Co. v. Tompkins, supra, 58 S.Ct. 822: "Congress has no power to declare substantive rules of common law applicable in a state whether they be local in their nature or 'general,' be they commercial law or a part of the law of torts. And no clause in the Constitution purports to confer such a power upon the federal courts." An interpretation of Rule 8(c) which will in effect do that which the foregoing language of the United States Supreme Court says is beyond the constitutional power of both the federal courts and of Congress is to be guarded against.

Is the requirement of the Illinois law that a plaintiff to a suit for damages must, as part of his case, plead and prove his own freedom from contributory negligence, a purely procedural matter having to do with adjective law only? Or is it a requirement that affects the substantive rights of the parties so that to excuse the plaintiff from pleading ·and proving due care or freedom from contributory negligence as a requisite of his claim upon which relief can be granted would abridge, enlarge or modify the rights of the litigants, contrary to the provisions of the Act of June 19, 1934, § 1, U.S.C., Title 28, § 723b, 28 U.S.C.A. § 723b?

In the case of Central Vermont R. Co. v. White, supra, 35 S.Ct. 867, the court said: "But it is a misnomer to say that the question as to the burden of proof as to contributory negligence is a mere matter of state procedure. For, in Vermont, and in a few other states, proof of plaintiff's freedom from fault is a part of the very substance of his case. He must not only satisfy the jury (1) that he was injured by the negligence of the defendant, but he must go further, and, as a condition of his right to recover, must also show (2) that he was not guilty of contributory negligence. In those states the plaintiff is as much under the necessity of proving one of these facts as the other; *and as to neither can it be said that the burden is imposed by a rule of procedure, since it arises out of the general obligation imposed upon every plaintiff, to establish all the facts*

*necessary to make out his cause of action."* (Italics mine.)

·The principles enunciated by the Supreme Court in its language quoted in the preceding paragraph have been approved by that court in the following cases: New Orleans & Northeastern R. Co. v. Harris, 247 U.S. 367, at page 372, 38 S.Ct. 535, 62 L.Ed. 1167; Hill v. Smith, 260 U.S. 592, at page 594, 43 S.Ct. 219, 67 L.Ed. 419; Herron v. Southern Pac. R. Co., 283 U.S. 91, at pages 93, 94, 51 S.Ct. 383, 384, 75 L.Ed. 857; Miller v. Union Pac. R. Co., supra.

The Illinois decisions do not say in so many words that the requirement that plaintiff must plead and prove freedom from contributory negligence as part of plaintiff's case is adjective law or is substantive law. The status of the Illinois rule in this respect must be drawn from the language of a multitude of decisions in which it is declared. Two typical quotations will suffice to illustrate: "In addition to proof of actionable negligence on the part of appellant, it was necessary, in order to make a case, that the appellee prove that at the time of the accident she was in the exercise of due care for her own safety—in other words, that her own negligence did not contribute to the injury." Cullen v. Higgins, 216 Ill. 78, at page 82, 74 N.E. 698, at page 700. "A declaration, in an action to recover for injuries received through negligence, which does not aver due care on the part of the plaintiff when he was injured, and does not contain any averment in regard to his conduct or the circumstances surrounding him, from which due care on his part may be reasonably inferred, does not state a cause of action." Walters v. City of Ottawa, 240 Ill. 259, at pages 266, 267, 88 N.E. 651, at page 654. See, also, Aurora Branch R. Co. v. Grimes, 13 Ill. 585, at page 587; Calumet Iron & Steel Co. v. Martin, 115 Ill. 358, at page 368, 3 N.E. 456; Newell v. Cleveland, C. C. & St. L. R. Co., 261 Ill. 505, 104 N.E. 223.

From the foregoing authorities it would seem that the United States Supreme Court in the case of Central Vermont R. Co. v. White, supra, must have had Illinois in mind as one of "the few other states" in which, like Vermont, "proof of plaintiff's freedom from fault is a part of the very substance of his case," and

in which it cannot be said that the burden of making that proof "is imposed by a rule of procedure, since it arises out of the general obligation imposed upon every plaintiff, to establish all of the facts necessary to make out his cause of action."

The case of Swift v. Tyson, supra, involved the construction of Section 34 of the Judiciary Act of 1789, 1 Stat. 92, which dealt with substantive law only and the doctrine announced in the case by Justice Story had to do with substantive law only. Wayman v. Southard, Ky. 1825, 10 Wheat. 1, 6 L.Ed. 253; McBride v. Neal, 7 Cir., 214 F. 966; Foster Fed. Prac. (6th Ed.) Vol. 3, Sec. 477, at page 2448. The fact that the United States Supreme Court, under the doctrine of Swift v. Tyson, supra, which dealt with substantive law, has uniformly held that the law governing the burden of proof in cases involving contributory negligence lay in the field of general law in which the federal courts were not bound by state law seems to establish the view of that court against plaintiff's contention that such law is purely adjective. Foster Fed. Prac. (6th Ed.) Vol. 3, Sec. 477, pages 2450–2452; Central Vermont R. Co. v. White, supra.

Now that the case of Erie R. Co. v. Tompkins, supra, has taken from the federal courts authority to declare the substantive law of the states, it would seem to follow that it has taken from them authority to declare contributory negligence to be an affirmative defense in states where the substantive law is to the contrary.

■ My conclusion is that the absence of contributory negligence is made an essential part of plaintiff's cause of action by the substantive law of Illinois and this substantive rule, declared by the courts of Illinois, must be recognized and followed by the federal courts. Being substantive law neither the Congress nor the Supreme Court has power to declare it to be other than the courts of Illinois have established it nor to undermine or destroy it by procedural requirements. Erie R. Co. v. Tompkins, supra. The Supreme Court cannot, by a procedural rule, take this burden away from the plaintiff and impose it upon the defendant without enlarging the substantive rights of the plaintiff and abridging and modifying the substantive rights of the defendant contrary to the provisions of the Act of June 19, 1934, which define and limit the rule-making power of the Supreme Court.

■ Since due care or freedom from negligence is an essential part of plaintiff's cause of action, it must appear by appropriate allegation in plaintiff's complaint and in each separate count thereof. Rule 8(a). Rule 8(c) does not authorize its omission. Its absence from counts 1, 2, 4 and 5 renders each of them insufficient.

The argument that the foregoing conclusion ignores the plain meaning of Rule 8(c) is not sound. When Rule 8(c) is read with the Enabling Act and the other rules it seems rather clear that in specifying certain matters that shall be affirmatively set forth as defenses the court was saying, in effect, that unless they are so set forth they shall not be available as *defenses*. The rule has nothing to do with any matter therein specifically named, if and when, by applicable substantive law, it shall constitute part of the substance of the plaintiff's case which must be alleged and proved by him. In such case Rule 8(a) controls and requires the plaintiff to set it forth in whatever manner the law may demand to show that he is entitled to relief. The concluding words of the first sentence of Rule 8(c) "constituting an avoidance or affirmative defense" attach their definitive limitation not only to the words "any other matter" but to every preceding designated matter in the rule. The rule is inapplicable to any matter which does not constitute an avoidance or affirmative defense.

Passing to other questions raised by the motion to dismiss, I find that count 3 is insufficient in that the violation of the statute alleged is indefinite and incapable of being understood or answered; that count 4 is insufficient for the same reason while count 5 is held to be sufficient, except upon the point heretofore ruled that due care on the part of plaintiff is not made to appear.

The motion to dismiss will be sustained as to the complaint and as to each count therein.