## SMITH SCOW CORPORATION v. SEABOARD GREAT LAKES CORPORATION et al.

## LORENTZEN v. THE MARGARET McCABE et al.

### THE EMMA BAKKE.

Nos. 182, 183.

Circuit Court of Appeals, Second Circuit.

Jan. 9, 1945.

Forrest E. Single, of New York City, for respondent-appellee Seaboard Great Lakes Corporation.

Haight, Griffin, Deming & Gardner, of New York City (Henry M. Hewitt and James McKown, Jr., both of New York City, of counsel), for appellant.

Foley & Martin, of New York City, (Christopher E. Heckman, of New York City, of counsel), for libelant and claimant-appellee Smith Scow Corporation.

Horace T. Atkins, of New York City, for appellee Maritime Terminal Co., Inc.

Before CHASE, CLARK and FRANK, Circuit Judges.

PER CURIAM.

On July 25, 1943, while the scow Margaret McCabe was alongside the motorship Emma Bakke, in a berth on the south side of Pier 6 Brooklyn, N. Y., loaded with sand ballast from the motorship, the sand on her split and caused her to careen against the side of the ship and capsize. Both vessels were damaged.

Smith Scow Corporation, the owner of the scow, sued Seaboard Great Lakes Corporation, to be called Seaboard, to whom it had chartered the scow. Seaboard answered and impleaded Maritime Terminal Company, Inc., to be called Maritime, Oivind Lorentzen, as Director of Shipping and Curator of the Royal Norwegian Government, requisition owner of the Emma Bakke, and McAllister Lighterage Line, Inc., charging them with liability for the damage to the scow, that of McAllister Lighterage Line, Inc., being based upon a previous accident to the scow. The decree below has been satisfied in so far as

536

McAllister Lighterage Line, Inc., is concerned. Its appeal has been discontinued in accordance with a stipulation and it will not be mentioned further.

Maritime had made a contract with Lorentzen to remove and dispose of the sand ballast on the Emma Bakke and had sublet the disposal of the ballast to Seaboard which had chartered the scow to use in so doing. Maritime did the work of loading the scow with the sand ballast from the motorship, by dumping it from a tub into piles on the scow.

Lorentzen in the second action sued Maritime and Seaboard and the scow, which was claimed by Seaboard, to recover for the damage to the motorship. From an interlocutory decree in the first suit in favor of the scow owner and against Lorentzen and Maritime jointly and primarily and against Seaboard secondarily for the damage to the scow, Lorentzen has appealed and Terminal has filed cross-assignments of error. From a final decree dismissing the libel in the second action on the merits but without costs to Maritime, Lorentzen has appealed.

There was ample evidence to support the findings of the trial court to the following effect. The scow was seaworthy and it capsized because of the negligence of Maritime in loading the sand in such piles as it did and in failing to come to the scow's assistance after the sand loaded in piles amidship from fore to aft had split and caused the scow to list toward the motorship, where she hung on her lines for an hour or so before she turned over. The motorship was negligent in allowing water to run upon the piles of sand from the refrigerator and toilet discharge pipes on the ship. Wooden covers to deflect such water away from the scow had been put over the ends of those pipes by the ship but had been displaced during the loading of the scow or when she was shifted by Maritime and the ship took no precautions other than the putting on of the covers. We accept those findings.

■ The trial judge also found that the scow captain was not negligent in going below to rest a while before the scow began to list and in remaining below until she did list. While the scow owner was bound to exercise through him due care for the "internal economy" of the scow, Dailey v. Carroll, 2 Cir., 248 F. 466, the burden was on the appellant and Maritime to show that it failed so to do. Central Vermont R. Co. v. White, 238 U.S. 507, 35 S.Ct. 865, 59 L. Ed. 1433, Ann.Cas.1916B, 252. On this record the determination of the trial judge has not been shown clearly erroneous and should not be disturbed.

■ In the absence of proof that Seaboard Great Lakes Corporation, the charterer of the scow, was guilty of negligence which caused the damage to the motorship the cross libel of Lorentzen against it was properly dismissed. The Cullen No. 32, 2 Cir., 62 F.2d 68.

■ But it was error to dismiss the libel of Lorentzen against Maritime whose negligence contributed to cause the damage to the motorship when the scow turned over and struck the ship. Maritime should have been held for half the damage to the ship. The Max Morris, 137 U.S. 1, 11 S. Ct. 29, 34 L.Ed. 586.

The decree in the first suit is affirmed. That in the second suit is modified to allow the libellant to recover half damages from Maritime.