CRAIN BROTHERS, Inc., a Corporation,
Etc., Libellant, Appellant,

v.

WIEMAN and WARD COMPANY, a Cor-
poration, Respondent (Union Barge
Line Corporation, a Corporation, Third
Party Respondent).

WIEMAN and WARD COMPANY, a
Corporation, Libellant,

v.

UNION BARGE LINE CORPORATION,
a Corporation, Respondent (Crain
Brothers, Inc., a Corporation, Third
Party Respondent, Appellant).

CRAIN BROTHERS, Inc., Libellant,

v.

WIEMAN and WARD COMPANY, Re-
spondent, (Union Barge Line Corpora-
tion, Third Party Respondent, Appel-
lant).

WIEMAN and WARD COMPANY,
Libellant,

v.

UNION BARGE LINE CORPORATION,
Respondent, Appellant, (Crain Brothers,
Inc., Third Party Respondent).

Nos. 11534, 11535, 11545, 11546.

United States Court of Appeals
Third Circuit.

Argued May 17, 1955.

Decided June 8, 1955.

burgh, Pa., on the brief), for Crain Brothers, Inc.

John R. Bredin, Pittsburgh, Pa. (Dalzell, Pringle, Bredin & Martin, Pittsburgh, on the brief), for Union Barge Line Corp.

J. Wray Connolly, Ira R. Hill, Pittsburgh, Pa., (Reed, Smith, Shaw & McClay, and W. S. Moorhead, Jr., Wm. F. Swanson, Jr., Moorhead & Knox, Pittsburgh, Pa., on the brief), for Wieman & Ward Co.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

In August 1950, Crain Brothers, Inc., was the owner of two steel hopper barges which the district court found it leased to Union Barge Line Corporation. The court further found that Union agreed to and did transport coal by means of those barges for the Wieman and Ward Company, a wholesale coal dealer, from Huntington, West Virginia. En route to Pittsburgh, Pennsylvania the barges sank in the Ohio River, the first (No. 330) on August 17, 1950 and the second (No. 325) on August 18, 1950.

In appeal Nos. 11,535 and 11,546, Wieman and Ward brought suit against the Union Barge Line for the value of the coal, alleging negligence. Union Barge Line joined Crain Brothers, the owner of the barges, as third party respondent, on the theory that the barges were unseaworthy. The district court found that the barges were unseaworthy and that Union was negligent in their operation, and held that the loss of the coal cargoes was due to the two factors combined. Judgment was entered "in favor of Wieman and Ward Co., libellant, and against Union Barge Line Corp., respondent, and Crain Brothers, third party respondent, in the amount of $3,609.90, together with costs." Both Union and Crain have appealed.

That Crain furnished Union with unseaworthy barges is easily demonstrated by the evidence. The barges

Harland I. Casteel, Pittsburgh, Pa., (Campbell, Houck & Thomas, Pitts-

had been in constant use ever since 1929 when they were built; the normal life of such barges is twenty years; new bottoms had never been put on them; complaints had previously been made about the leaky condition of one of the barges; and both boats began to leak very soon after they started up-river on their ill-fated voyage.

And there is considerable evidence of Union's negligence in the operation of the barges. As to No. 325, which sank shortly after leaving Huntington, there was testimony that it left the Huntington dock dry, that the watchman on the landing reported to the watchman on the boat that the barge had not been leaking and that at the time of leaving the weather was foggy. Moving up the river No. 325 was the first barge in the starboard tow. There is testimony that in the first six miles out of Huntington there is some rocky shore, "quite a lot of boulders", on the right hand side proceeding towards Pittsburgh. Captain Eberhardt, the Crain expert, testified that his later examination of the damaged barge revealed a twelve to fourteen foot hole in the starboard side of the barge at the knuckle "in one place it was big, it was ruptured and it stoved up there, like it went in against the rocks some place."

With reference to barge No. 330 which sank about thirty-six miles below Pittsburgh near Lock No. 7 there is testimony that the crew of Union's tug boat discovered that the barge was taking water when approximately fifty miles from Huntington, that despite the installation of pumps the leakage continued to grow, that Union elected to tow the barge up the river rather than tie up, and that it did so for 220 miles past many docks and landings until the barge eventually sank.

Under the above circumstances we are unable to say that the district court's findings of negligence and unseaworthiness are "clearly erroneous". McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6. Its holding that the loss of the coal was equally due to the fault of both Union and Crain will also be sustained.

We disagree, however, with the manner in which damages were awarded. Judgment was entered against both Union and Crain in the full amount. In admiralty, we have the rule of divided damages. 3 Benedict on Admiralty, Secs. 416, 417a, 417b, (6th ed., 1940); The North Star, 1882, 106 U.S. 17, 1 S.Ct. 41, 27 L.Ed. 91. Where two parties are jointly responsible for injury to a third, each is primarily liable for only one-half the damages. The charterer and owner of the barge should each be assessed with one-half the cargo loss with a provision that if the libellant cannot collect any part from one, that amount should be assessed against the other in addition to the one-half for which it is primarily liable. Smith v. Nicholson Transit Co., D.C.W.D.N.Y. 1941, 39 F.Supp. 795.

In appeal Nos. 11,534 and 11,545 Crain Brothers sued Wieman and Ward for the value of the barges on the ground that the latter had breached its charter agreement by failing to return the barges in the condition delivered. Wieman joined the Union Barge Line as third party respondent on the theory that it was Union and not Wieman which had chartered the barges from Crain. The district court agreed with Wieman and entered judgment in its favor. It further held that Crain was not entitled to recover from Union, the third party respondent in that action, because it found that Crain had furnished unseaworthy barges to Union. Judgment was therefore also entered against Crain.

There is more than sufficient testimony in the record to support the findings of the lower court that Union "did" and Wieman "did not" charter the two barges in question from Crain Brothers. Certainly this court cannot label those findings "clearly erroneous". McAllister v. United States, supra. The judgment in the admiralty suit instituted by Crain Brothers for the value of the barges must be affirmed insofar as Wieman is concerned.

But the district court, in holding that Crain Brothers could not collect from Union, applied the common law rule of contributory negligence rather than the applicable divided damage rule of admiralty law. Since both Crain and Union were equally at fault, Union is liable to Crain for one-half of the damages caused to the barges by the sinkings. Smith Scow Corp. v. Seaboard Great Lakes Corp., 2 Cir., 1945, 146 F.2d 535; National Dredging & Lighterage Co. v. Turney Transp. Co., 3 Cir., 1922, 281 F. 315; Pateras v. Walsh Stevedoring Co., D.C.S.D.Ala.1944, 53 F. Supp. 315.

The judgments of the district court will be modified to conform with this opinion.