■ In the Matter of the City of New York, Respondent, Acting for and on Behalf of the New York City Housing Authority, Relative to Acquiring Title to Real Property Within the Area Bounded by Amsterdam Avenue and Other Streets, in the Borough of Manhattan, Duly Selected as a Site for a State-Aided Public Housing Project Known as Stephen Wise Houses. Moses Bukantz et al., Appellants.— Final decree, insofar as it makes an award for Damage Parcel 24, unanimously reversed, on the law, on the facts and in the exercise of discretion, and a new trial ordered, with costs to claimants-appellants. There is a failure of proof on the part of petitioner. Petitioner's expert appraised the premises as a rooming house on a net lease basis. This was error since the building is an apartment house. Consequently, the capitalization of 12% based on the appraisal of the premises as a rooming house is not useful. We are not entitled to substitute capitalization rates not found in the evidence. (*Matter of City of New York [A. & W. Realty Corp.],* 1 N Y 2d 428.) Since that is the only testimony on behalf of the petitioner concerning capitalization, the interests of justice require a new trial. Concur — Breitel, J. P., Rabin, McNally, Stevens and Steuer, JJ.

■ George Martin, Appellant, v. Pennsylvania Railroad Company, Respondent.— Judgment entered in plaintiff's favor unanimously reversed on the law, and in the exercise of discretion, and a new trial ordered, with costs to the appellant. In this action, brought under the Federal Employers' Liability Act, the burden of proving contributory negligence on the part of the plaintiff is upon the defendant (*Central Vt. Ry.* v. *White,* 238 U. S. 507). The trial court refused a request to charge as to the defendant's burden, stating that it had already so charged. A close examination of the charge indicates that no such instruction was given. The charge as given could have led the jury to believe that the burden rested upon the plaintiff. The rule of comparative negligence being applicable in this case, such erroneous belief on the part of the jury could have resulted in a verdict for a lesser amount than would have otherwise been found. In the circumstances, a new trial is required. Concur — Botein, P. J., Breitel, Rabin, Eager and Witmer, JJ.