GEORGE K. PAUL & another *vs.* EMELINE T. STONE, administratrix.

In computing the two years within which, by Gen. Sts. *c.* 97, § 5, an action must be brought against an executor or administrator, the day upon which the bond is given is to be excluded.

CONTRACT against the defendant as administratrix of the estate of Charles Stone, late of Newton, in the county of Middlesex, deceased. Writ dated January 19, 1871.

The answer, among other defences, set up that the action was not commenced within two years from the time of her giving bond as administratrix.

The case was submitted to the Superior Court upon an agreed statement of facts, from which it appeared that the defendant was appointed administratrix, and gave her bond, which was filed and approved January 19, 1869, and gave notice of her appointment, as is provided in Gen. Sts. *c.* 97, § 1, within three months after giving her bond. If the court should be of the opinion that the action was barred by statute, then the plaintiff was to become nonsuit. Otherwise the action was to be sent to an auditor. The court ordered judgment for the defendant, and the plaintiffs appealed to this court.

*E. O. Shepard,* for the plaintiffs.

*W. F. Slocum,* for the defendant.

CHAPMAN, C. J. The language of Gen. Sts. *c.* 97, § 5, is, that an action against an administrator is barred unless it is commenced within two years "from the time of his giving bond." This peculiar phraseology has been construed in *Bigelow* v. *Willson,* 1 Pick. 485, 494, and Judge Wilde there says that "the words, 'time of executing the deed,' used in the statute, mean, in legal acceptation, the day of delivery, which is the same as 'the date,' or 'the day of the date.'" We find nothing to conflict with this decision as to this particular phraseology, and think it applies to this case, the same phraseology being used in the statute. *Case to be sent to an auditor.*