PARRINGTON v. DAVIS, Agent.

(District Court, D. Oregon. January 2, 1923.)

No. L–8845.

United States ⬥—111—Assignment law inapplicable to claims against railroad administration for overcharges.

    Rev. St. § 3477 (Comp. St. § 6383), rendering assignments of any claim upon the United States void unless executed after allowance and issuance of warrant for payment, has no application to claims against the United States Railroad Administration for rebate for overcharges, because of the provisions of Federal Control Act March 21, 1918, § 10 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾j), authorizing suits to be brought against the carriers, and providing that no defense shall be made thereto upon the ground that the carrier is an instrumentality of the federal government.

At Law. Action by A. J. Parrington against James C. Davis, Agent for the United States Railroad Administration (Southern Pacific Company), to recover on assigned claims for rebate for overcharges. On demurrer to complaint. Demurrer overruled.

Wilson & Guthrie, of Portland, Or., for plaintiff.

Ben C. Dey and Paul P. Farrens, both of Portland, Or., for defendant.

WOLVERTON, District Judge.   The plaintiff is endeavoring to recover upon assigned claims for rebate for alleged overcharges above the tariff rates for carrying freight.

The sole question presented for decision is whether the assignee of such claims may be permitted to sue thereon, in view of section 3477, U. S. Revised Statutes (Comp. St. § 6383).   This statute renders all transfers and assignments of any claim upon the United States null and void, unless they are freely made and executed in a manner prescribed, after the allowance thereof, the ascertainment of the amount due, and the issuance of a warrant for the payment of the same.

Plaintiff's counsel contend that this statute is inapplicable, because of the provisions of section 10 of the Federal Control Act (40 Stat. 451, 456 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾j]), which are, so far as pertinent:

"That carriers while under federal control shall be subject to all laws and liabilities as common carriers, whether arising under state or federal laws or at common law, except in so far as may be inconsistent with the provisions of this act or any other act applicable to such federal control or with any order of the President.   Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the federal government."

I am impressed that the question has been disposed of by the holding of the court in Missouri Pacific R. Co. v. Ault, 256 U. S. 554, 559, 41 Sup. Ct. 593, 595 (65 L. Ed. 1087) that, the plain purpose of the provision being to preserve to the general public the rights and remedies against carriers which it enjoyed at the time the railroads were taken over by the President, except in so far as such rights or remedies might interfere with the needs of federal operation—

"The government was to operate the carriers, but the usual immunity of the sovereign from legal liability was not to prevent the enforcement of liabilities ordinarily incident to the operation of carriers.   *   *   *   The courts were to go on entertaining suits and entering judgments under existing law, but the property in the hands of the President for war purposes was not to be disturbed."

I am unable to agree with counsel for defendant in the view that the contention here presented is in no wise based upon the ground that the Director General is an instrumentality of the government.   The action stands as though it were brought against the government, the federal control Agent standing in its stead, and the intendment of the act is to extend to suitors all the rights and privileges to which they were entitled previous to the adoption of the Federal Control Act, save as restricted by the needs of the government for war purposes.   If the claimant could sue then upon an assigned claim without having observed the injunctions of section 3477 in procuring the assignment, he may sue now, notwithstanding the government is in effect the party sued.   The section is therefore inapplicable, defensively considered.

Demurrer overruled.