## STANDARD OIL CO. (CALIFORNIA) v. DAVIS, Director General of Railroads, as Agent, et al.

(District Court, N. D. California, S. D June 23, 1925.)

### No. 17264.

Commerce ⬥═92—Limitation of suit to enforce award of Commission stated; "effective date."

Under Interstate Commerce Act, § 16(3), as amended by Transportation Act of 1920 (Comp. St. Ann. Supp. 1923, § 8584), providing that suit to enforce an award of damages by the Interstate Commerce Commission shall be filed "within one year from the date of the order," the date of the order is its "effective date," which is the time fixed by the Commission for payment of the award.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Date.]

At Law. Petition by the Standard Oil Company (California) against James C. Davis, Director General of Railroads, as Agent, and others, to enforce an award of damages by the Interstate Commerce Commission. On demurrer to petition. Overruled.

Pillsbury, Madison & Sutro, of San Francisco, Cal., for plaintiff.

James E. Lyons, of San Francisco, Cal., and Alex M. Bull, and F. W. Mielke, both of Washington, D. C., for certain defendants.

Frank Karr, of Los Angeles, Cal., for defendant Pacific Electric Ry. Co.

H. K. Landram, of Merced, Cal., for defendant Yosemite Valley R. Co.

PARTRIDGE, District Judge. Plaintiff herein has filed its petition to enforce an award of the Interstate Commerce Commission. The award was made on December 10, 1923, but it directed that the payment should be on or before January 25, 1924. The petition was filed January 20, 1925. This award included a number of connecting carriers, all of which were made parties to the petition in this court. However, on January 16, 1924, one of these roads, the Yosemite Valley Railroad Company, filed an application with the Commission, setting up error and inadvertence in including them in the order. This application was granted, and on the 18th of April, 1925, the Commission made an order that the order of December 10, 1923, be "amended nunc pro tunc," by omitting therefrom these connecting carriers. The defendant in this case appeared and resisted that order, upon the ground that the Commission had lost jurisdiction. Subsequently, and on May 6, 1925, the plaintiff filed an amendment to its petition, setting up this supplemental order, and dismissing as to all defendants except the Director General. Demurrer to the petition is filed, setting up the statute of limitations. The position of defendant is that petition to enforce an award of the Interstate Commerce Commission must be filed within one year after the date of the order; plaintiff, on the other hand, contends that the year does not commence to run until the time when the money is to be paid. It is said in the briefs that there is no decision directly upon the question, and I know of none.

The original statute of 1887 (24 Stat. 384) provided that, if the Commission found that a shipper was entitled to reparation, it should direct repayment to be made "within a reasonable time to be specified by the Commission" (section 15). Section 16 (Comp. St. § 8584) gave the shipper the right to apply to the Circuit Court to enforce the payment. The act contained no period of limitation, but the Supreme Court held in Meeker v. Lehigh Valley R. R. Co., 236 U. S. 412, 35 S. Ct. 328, 59 L. Ed. 644, Ann. Cas. 1916B, 691, that the suit must be filed within the time limited by the statutes of the state in which the court was sitting. Under this statute, the Commission usually specified the number of days within which the order should be obeyed. Later, however, it developed the practice of naming a time "on or before" which payment should be made. It is perhaps worthy of note that this time was always spoken of by the Commission and the bar as the "effective date" of the order, and indeed this language has been adopted in the proceedings of all the public service and railroad commissions of the various states. However, the act has been amended to conform to the practice, and has added a period of limitation, so as to make the time of filing suit uniform in the various jurisdictions. Subdivision 1 of section 16 now provides that the Commission shall direct payment "on or before a day named." Subdivision 2 provides that, if payment is not made "within the time limit in such order," the ship-

per may file suit. Subdivision 3 then limits the time "within one year from the date of the order." Comp. St. Ann. Supp. 1923, § 8584.

The demurrer, then, is based upon the use of the word "of," instead of "in." The argument is that the date "of" the order is the date of its promulgation, and not the date specified for the payment. It is, of course, fundamental in all the law pertaining to statutes of limitations, that they are to be computed from the time when the party could have brought his suit. Indeed, even after the time has commenced to run, it may be suspended—"tolled"—by disability to sue. Clearly, under the act here, the plaintiff could not have brought its suit until after the "effective date" of the order. Moreover, it might readily happen that for one reason or other the Commission would postpone the payment until a year after its order. It is thus seen that the construction contended for by plaintiff is more reasonable, and at the same time in consonance with settled principles relating to statutes of limitations.

But it cannot be said that "the date of the order," under a strict construction, necessarily means the date of its promulgation. The language is equally susceptible of the meaning "date fixed by the order." That this is the reasonable and time-honored interpretation is made clear by the language of the Supreme Court in Mutual Life Insurance Co. v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102, where it is said:

"The word 'date' is used frequently to designate the actual time when an event takes place, but, as applied to written instruments, its primary signification is the time specified therein. Indeed, this is the meaning which its derivation (datus—given) most naturally suggests. In Bement & Dougherty v. Trenton Locomotive, etc., Co., 32 N. J. L. 513, 515, 516, it is said: 'The primary signification of the word "date" is not time in the abstract, nor time taken absolutely, but, as its derivation plainly indicates, time given or specified, time in some way ascertained and fixed; this is the sense in which the word is commonly used. * * *'"

It was the avowed intention of Congress to make the law uniform, and thus avoid the difficulties arising from the decision in Meeker v. Lehigh Valley R. R. Co., supra. But it would not be uniform if the time might be greater or less, according to the effective date fixed in the order.

Let the demurrer be overruled.