**ACHESON GRAPHITE CO. v. MELLON, Director General of Railroads, et al.**

District Court, W. D. New York. June 22, 1927.

**1. Commerce ⬡92—Limitation of action to enforce reparation award of commission runs from date money is to be paid (Transportation Act [49 USCA § 74 (a)]).**

Under Transportation Act, § 206 (a), being 49 USCA § 74 (Comp. St. § 10071¼cc), providing that actions to enforce reparation awards made by the Interstate Commerce Commission "may be brought within one year after the date of the Commission's award," the time runs from the date the money is to be paid, which is the effective date of the order.

**2. Limitation of actions ⬡118(2)—Action to enforce reparation award by commission against Director General as agent held commenced within time limited by statute (Transportation Act [49 USCA § 74(b)]).**

Filing of petition and issuance and delivery to the marshal of summons in an action to enforce a reparation award of the Interstate Commerce Commission against the Director General of Railroads as agent, within a year after the award was directed to be paid, which summons was served within a reasonable time, though after expiration of the year, on one authorized by Transportation Act, § 206 (b) being 49 USCA § 74 (Comp. St. § 10071¼cc), to receive service, *held* commencement of the action within the year limited by paragraph (a) of the section.

**3. Railroads ⬡5½(23)—Failure to designate Director General of Railroads in pleading by his exact official title as Agent of President held not to affect jurisdiction.**

In an action against the Director General of Railroads as Agent, failure to designate him in petition by his exact official title as Agent of the President *held* not an ouster of jurisdiction, but, if an irregularity, curable by amendment.

At Law. Action by the Acheson Graphite Company against Andrew W. Mellon, Director General of Railroads, as Agent, and others. On motion by defendants for judgment of dismissal. Denied.

Cohn, Franchot, Runals & Robillard, of Niagara Falls, N. Y. (Basil Robillard and Paul P. Cohen, both of Niagara Falls, N. Y., of counsel), for plaintiff.

Sidney F. Andrews, of Washington, D. C., Rann, Vaughan, Brown & Sturtevant, of Buffalo, N. Y., and Alex M. Bull, of Washington, D. C., for defendant Andrew W. Mellon, Director General of Railroads, as Agent.

Locke, Babcock, Hollister & Brown, of Buffalo, N. Y., for defendants New York, C. & St. L. R. Co. and Lake Erie & W. R. Co.

HAZEL, District Judge. This action was brought against the Director General of Railroads, as Agent, and defendants carriers, to recover $6,782.75, with interest from September 1, 1925, as reparation damages arising out of overcharges of transportation rates on shipments of coke from Indianapolis, Ind., delivered to plaintiff at its plant at Harriet, N. Y., during federal operation and control of railroads. By sections 14–16 of the Interstate Commerce Act (49 USCA §§ 13–15 [Comp. St. §§ 8582–8584]) a remedy is provided to shippers against the United States, represented by the Director General, for excessive rates exacted for shipments during the time the railroads were operated by the government, and, in conformity therewith, the Interstate Commerce Commission made an order, following the hearing, on issues presented, directing payment of the overcharged amount, which plaintiff now seeks to enforce under section 16 (a) because of failure to comply therewith.

In behalf of the Director General of Railroads, as Agent, a motion for judgment is urged on the grounds (a) that this action was not begun within the time limited by section 206 of the Transportation Act (49 USCA § 74 [Comp. St. § 10071¼cc]) viz. within one year after the award was made; and (b) that a cause of action against defendant Andrew W. Mellon, as Agent of the President, under section 206 of the Transportation Act, was not alleged.

[1] 1. The Transportation Act (section 206 [a]) provides, in terms, that an action such as this "may be brought within one year after the date of the Commission's" award. The order of award in question is dated September 18, 1925, and James C. Davis, Director General of Railroads, as Agent, was directed to pay the specified amount on or before November 5, 1925. Afterwards Andrew W. Mellon was similarly designated by the President to succeed Mr. Davis, and the action was brought against him.

The question first considered is whether the time to enforce the order by action, ran from September 18, 1925, when it was made, or from November 5th, the date in the order on or before which the amount was directed to be paid. This precise question was decided adversely to the government in Standard Oil Co. of California v. Davis (D. C.) 6 F. (2d) 236, where it was held that the time in which an action like this must be brought is computable from the time the money is to be paid, and not from the date of the order. Since this decision is the only reported decision dealing with the statute of limitations, I am unable to comprehend sufficient reason for not following it.

The government asserts the decision is

based on fallacious premise, but to me it is logical and cogently persuasive.

Judge Partridge, in the above case, said:

"It is, of course, fundamental in all the law pertaining to statutes of limitations, that they are to be computed from the time when the party could have brought his suit. Indeed, even after the time has commenced to run, it may be suspended—'tolled'—by disability to sue. Clearly, under the act, here, the plaintiff could not have brought its suit until after the 'effective date' of the order. Moreover, it might readily happen that for one reason or other the Commission would postpone the payment until a year after its order. It is thus seen that the construction contended for by plaintiff is more reasonable, and at the same time in consonance with settled priciples relating to statutes of limitations. But it cannot be said that 'the date of the order,' under a strict construction, necessarily means the date of its promulgation. The language is equally susceptible of the meaning 'date fixed by the order.' That this is the reasonable and time-honored interpretation is made clear by the language of the Supreme Court in Mutual Life Insurance Co. [of New York] v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235 [31 A. L. R. 102]. * * *

I accept this interpretation and construction of the statute. It is inconceivable to me that Congress intended that the time to bring an action should run, or begin to run, before the arrival of the time to enforce the remedy, or before the action is ripe.

The argument is based upon the asserted intention of Congress to fix some other date for bringing suit than the accrual of the cause of action, as might, perhaps, be inferred from limitations in other instances under section 206(a) of the Transportation Act, together with the practice of the Commission of making its report of findings before its order is issued, but I nevertheless think that the amendment (section 16[1]) was intended to fix an effective date, as Judge Partridge says, from which the time for bringing suit runs, viz. the date when the award was to be paid, as distinguished from the date of the order. Some indefiniteness exists, it is perhaps true, as to the exact meaning of the order, as to time of enforcing the remedy, but any uncertainty or doubt should, in my opinion, be resolved in favor of plaintiff in whose benefit the order issued. See Mutual Life Ins. Co. of New York v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102.

[2] 2. Passing to the point that the summons was not delivered to the marshal for service upon the Director General as Agent until November 6, 1926, and was not served within the one year before November 5, 1925, the record shows that originally a summons and petition was filed in the clerk's office on September 14, 1926, and summons delivered by the clerk to the marshal for service on defendants having their principal offices in this district, and also to the marshal of the District of Columbia for personal service on Mr. Mellon, as Agent. Service was made on the managing agent of the defendant New York Central Railroad Company on September 18th, who, under the Transportation Act of 1920, § 206 (b), was a person upon whom service could be made in an action against the Director General as Agent, but, as I understand it, one copy of the process only was served upon him, and there was no specific service at this time upon Mr. Mellon. On October 11, 1926, other copies of the summons and petition were served on one Guilfoyle, clerk of the managing agent of the New York Central Railroad Company, which service, however, was subsequently, on motion, set aside for irregularity. On November 4, 1926, a further summons and petition was delivered to the marshal for specific service upon Mr. Welch, who, as already stated, was managing agent of said railroad company, as a designated person authorized to receive service for the Director General as Agent, and service thereof, as the affidavit of the deputy marshal shows, was made November 6, 1926.

Regardless of these various attempts to make proper service of process, I think that the filing of the summons and petition on September 14, 1926, followed by actual service thereof on Mr. Mellon by serving Mr. Welch, within a reasonable time, to wit, on November 6, 1926, was a sufficient service under section 206 of the Transportation Act. Parrington v. Davis (D. C.) 285 F. 741; Wyoming Sugar Co. v. Davis (D. C.) 7 F.(2d) 622, 624; and see section 16, subd. 2, of the Interstate Commerce Act; and see United States v. Northern Finance Corporation, 16 F.(2d) 998, which was a decision by the C. C. A. for this circuit.

3. Although the act does not define the phrase, "brought within one year after the date of the award," yet delivery to the marshal, in my opinion, was equivalent to the institution of the action within the contemplation of section 17 of the Civil Practice Act of this state, as well as by the accepted rule in federal courts. Even though it be assumed that the initial service on September

16, 1926, was irregular, and the Director General as Agent was not properly designated, the subsequent delivery of the process to the marshal on November 4, 1926, and service within a reasonable time thereafter, was the beginning of the action, and the improper designation was I think subject to amendment.

Although a statute authorizing suits against the United States must be given a strict construction, still the word "brought" should not be accorded such a narrow construction as to deprive shippers of their rights or estop them from enforcing their remedy when there has been a reasonable compliance by filing the summons and petition, followed by service within a reasonable time. As said in Missouri Pac. R. Co. v. Ault, 256 U. S. 554, 41 S. Ct. 593, 65 L. Ed. 1087, the intention of Congress was that carriers, while under government control, should "remain subject to all then existing laws and liabilities and that they might sue and be sued as heretofore"; and in Bailey v. Hines, as Director General, 131 Va. 421, 109 S. E. 470, the court said that the purpose of Congress was to "leave the general public free to sue * * * in the same forms of procedure and to have the benefit of the same rules of pleading and practice it enjoyed before the roads were taken over by the government, even though the suit was in effect against the United States." See, also, New Jersey Shipbuilding & Dredging Co. v. Davis, as Agent (D. C.) 11 F.(2d) 994.

It is also contended by plaintiff that any irregularity in seasonably filing or serving the process on the Director General as Agent, was waived by the motion to vacate the service solely on the ground that it was not based on lack of jurisdiction, but included a plea that no cause of action was alleged. Such an appearance has been interpreted to be general. 4 C. J. 1337, 1354, 1356; Payne v. Stockton, 147 Ark. 598, 229 S. W. 44; Muslusky v. Lehigh Valley Coal Co., 96 Misc. Rep. 68, 159 N. Y. S. 571.

[3] It is next contended that, even though the action is not barred, no cause of action is alleged because the suit could only be brought under the Transportation Act, which required service in a certain manner, against Mr. Mellon, as Agent of the President, and merely designating him in the caption—not a part of the petition—as Director General of Railroads as Agent, was not sufficient; that the offices of Director General of Railroads and Agent designated by the President were separate and distinct. But the answer to this contention is that the award of the Commission was against Mr. Davis, while acting as Director General of Railroads as Agent, and, as Mr. Mellon succeeded Mr. Davis by appointment of the President, this action was properly brought against him in that capacity. Failure to designate him by his exact official title was not I think a fatal variance or an ouster of jurisdiction. There are various adjudications, wherein a similar designation was used, which tend to support this view. To remove any possible question of irregularity in this particular, however, plaintiff asks leave to amend the summons and petition by adding to its designation the words "designated by the President, pursuant to section 206 of the Transportation Act." I think the ends of justice require me to grant this request. Section 105 of the Civil Practice Act of this state permits supplying a correction or addition, if no prejudice results therefrom. See, also, section 954, U. S. Rev. St. (28 USCA § 777 [Comp. St. § 1591]); Mims v. Reid (C. C. A.) 275 F. 177; Hungerford Brass & Copper Co. v. Hines, as Director General, 236 N. Y. 528, 142 N. E. 270; and additional authority on the point is cited in plaintiff's brief. Other arguments for dismissing the complaint for insufficiency are presented, but they are regarded as unsubstantial.

The motion to dismiss the action is denied.[1]

---

[1] This denial includes the motion on behalf of defendant Lake Erie & Western Railroad Company, wherein the process for service was filed with the United States marshal at Cleveland on or about November 11, 1926.