**CHESAPEAKE & O. RY. CO. et al. v. WALTON.**

No. 4369.

Circuit Court of Appeals, Fourth Circuit.

Oct. 10, 1938.

Before NORTHCOTT and SOPER, Circuit Judges.

Charles Clark, of Washington, D. C. (M. Carter Hall, of Richmond, Va., D. Lynch Younger and John C. Donnally, both of Washington, D. C., W. H. T. Loyall, of Norfolk, Va., Lucian H. Cocke, of Roanoke, Va., R. T. Wilson, of Petersburg, Va., and W. N. McGehee, of Washington, D. C., on the brief), for appellants.

Arthur L. Winn, Jr., of Washington, D. C. (Benj. J. Brooks, of Washington, D. C., on the brief), for appellee.

PER CURIAM.

The carriers in this case demurred to the petition of the shipper who sought a judgment against them for certain sums of money which they had been directed by the Interstate Commerce Commission to pay to the shipper as reparations on account of unreasonable rates charged for the transportation of certain merchandise.

The ground of the demurrer was that the petition was not filed within one year from the date of the reparation order as required by Section 16 of the Interstate Commerce Act as amended, 49 U.S.C.A. § 16. The demurrer was overruled by the District Judge, and the carriers declining to plead further, judgment was rendered against them for the amounts claimed.

The question involved turns upon the interpretation of the statute which is as follows:

"§ 16. Orders of commission and enforcement thereof; forfeitures.—

"(1) *Orders by Commission for Payment of Damages.* If, after hearing on a complaint made as provided in section 13 of this chapter, the commission shall determine that any party complainant is entitled to an award of damages under the provisions of this chapter for a violation thereof, the commission shall make an order directing the carrier to pay to the complainant the sum to which he is entitled on or before a day named.

"(2) *Proceedings in Courts to Enforce Orders; Costs; Attorney's Fee.* If a carrier does not comply with an order for the payment of money within the time limit in such order, the complainant, or any person for whose benefit such order was made, may file in the district court of the United States for the district in which he resides or in which is located the principal operating office of the carrier, or through which the road of the carrier runs, or in any State court of general jurisdiction having jurisdiction of the parties, a petition setting forth briefly the causes for which he claims damages, and the order of the commission in the premises. Such suit in the district court of the United States shall proceed in all respects like other civil suits for damages, except that on the trial of such suit the findings and order of the commission shall be prima facie evidence of the facts therein stated, and except that the petitioner shall not be liable for costs in the district court nor for costs at any subsequent stage of the proceedings unless they accrue upon his appeal. If the petitioner shall finally prevail he shall be allowed a reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit.

"(3) *Limitation of Actions.* (a) All actions at law by carriers subject to this chapter for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues, and not after.

"(b) All complaints against carriers subject to this chapter for the recovery of damages not based on overcharges shall be filed with the commission within two years from the time the cause of action accrues, and not after, subject to subdivision (d) of this paragraph.

"(c) For recovery of overcharges action at law shall be begun or complaint filed with the commission against carriers subject to this chapter within three years from the time the cause of action accrues, and not after, subject to subdivision (d) of this paragraph, except that if claim for the overcharge has been presented in writing to the carrier within the three-year period of limitation said period shall be extended to include six months from the time notice in writing is given by the carrier to the claimant of disallowance of the claim, or any part or parts thereof, specified in the notice.

"(d) If on or before expiration of the two-year period of limitation in subdivision (b) of this paragraph or of the three-year period of limitation in subdivision (c) of this paragraph a carrier subject to this chapter begins action under subdivision (a) of this paragraph for recovery of charges in respect of the same transportation service, or, without beginning action, collects charges in respect of that service, said period of limitation shall be extended to include ninety days from the time such action is begun or such charges are collected by the carrier.

"(e) The cause of action in respect of a shipment of property shall, for the purposes of this section, be deemed to accrue upon delivery or tender of delivery thereof by the carrier, and not after.

"(f) A petition for the enforcement of an order of the commission for the payment of money shall be filed in the district court or the State court within one year from the date of the order, and not after."

The contention of the carrier is that the year, within which suit against the carrier for the enforcement of an order of reparation must be brought, runs from the date on which the order was passed by the Commission; while the contention of the shipper is that the period of limitations runs from the date on or before which the car-

fier is directed by the order to pay the damages awarded. The order in the pending case was passed at a session of the Commission held on October 5, 1936 and directed the carriers to make the specified payments on or before December 15, 1936. Suit was brought on December 10, 1937, too late, if the carriers' interpretation is correct, but within the year if the construction urged by the shipper is adopted.

The question is not free from doubt since two points of time are within the purview of the section, the date of the passage of the order, and the date named for the payment of the money, at which time the claimant's cause of action accrues. The first mentioned date is of course readily ascertained from the records of the Commission even though, as in the pending case, it does not appear in the body of the order; and it falls within the literal meaning of the phrase in the concluding sentence of the above quotation, to wit: "within one year from the date of the order". On the other hand the second date has particular significance since it is the point of time at which the duty of the carrier to pay and the right of the shipper to sue both arise. Ordinarily a period of limitations begins at the time when the right of action accrues; and since it was the apparent intent of Congress to accord to all shippers the period of a year within which to bring suit, it is not likely that Congress intended to confer upon the Commission the power to cut down the period at will by postponing the day of payment (and of permissible suit) for such a period of time after the passage of the order as it might see fit. So to hold would destroy uniformity in the application of the statute and it is more reasonable to conclude that Congress intended that all shippers should have the full period of a year after the accrual of their respective rights. This construction has been adopted in the only opinions interpreting the statute which have been found. Standard Oil Co. v. Davis, D. C., 6 F.2d 236; Acheson Graphite Co. v. Mellon, D.C., 21 F.2d 562. We are told that the opposite conclusion was reached, but no opinions were filed, in two cases in the United States District Court for the District of Arizona, to wit: Pacific Creamery Co. v. Southern Pacific Co., decided April 26, 1915, and Arizona Brewing Co. v. Chicago & North Western Ry. Co. decided January 22, 1921.

The judgment of the District Court is affirmed.