HAROLD H. VORCE et al., Landlords, v. DELLA RETSCHLE, Tenant.

Municipal Court of the City of Syracuse, March 26, 1945.

*John Humpleby* for landlords.

*John Farnham* for tenant.

McCLUSKY, J. This is a summary proceeding brought by landlords to secure possession of the upper flat of No. 210 Dorothy Street in this city for their personal use. The defenses interposed are not timely service of notice and, secondly, bad faith on the part of the petitioners.

There is some dispute as to whether the notice to vacate was served by mail on the 14th or 15th of February, 1945. The weight of the evidence shows that the notice was mailed February 15, 1945, at 2:00 P. M. It terminated the tenancy on March 16th. The rental period was from February 15th to midnight, March 15, 1945. The notice was received on February 16, 1945.

Section 232-b of the Real Property Law provides that landlord or tenant shall notify the other at least one month before the expiration of the term, of his or her election to terminate. It will be noted that the operative date is " the expiration of the term ". It is well settled that the day from which the reckoning is made is to be excluded. (*Tismer* v. *New York Edison Co.*, 228 N. Y. 156.) If we consider the expiration date of the monthly rental to have been March 15th, then the notice of termination to have been effective would have to have been served on or before February 14, 1945.

But there is a more serious question involved here. The question of the landlords' good faith is at issue. It appears that these premises consist of two flats or apartments, each having six rooms, a bath and sun porch. Both are now occupied by this tenant and another tenant named Woodruff. The apartments are registered with the Office of Price Administration (Rent Regulation for Housing, § 7, subd. [a]; 8 Fed. Reg. 14668). Each is a separate unit. The landlords have served a similar notice on the tenant Woodruff. The landlords' proof shows that their family consists of themselves. There is no proof of any reregistration as a single dwelling unit. The landlords state that they desire both flats for their own use. There is no evidence of an election to take one apartment rather than the other. The housing accommodations herein involved consisted of two dwelling units and there is no proof of an intent to substantially alter the premises nor of the issuance of a special certificate by the Price Administrator authorizing occupancy for some member of the landlords' family such as a son-in-law or daughter-in-law (Rent Regulation for Housing, § 6, subd. [b]; 8 Fed. Reg. 14668). There is on the proof lack of good faith on the part of the landlords.

Proceedings dismissed. Judgment for the tenant, with costs.