JOINT COUNCIL DINING CAR EMPLOYEES LOCAL 370, HOTEL AND RESTAURANT EMPLOYEES INTERNATIONAL ALLIANCE, et al. v. DELAWARE, L. & W. R. CO.

No. 272, Docket 20185.

Circuit Court of Appeals, Second Circuit.

July 15, 1946.

418

Hope R. Stevens, of New York City, for plaintiffs-appellants.

Harold J. Gilmartin, of New York City (Rowland L. Davis, Jr., of New York City, on the brief), for defendant-appellee.

Before CHASE, CLARK, and FRANK, Circuit Judges.

CLARK, Circuit Judge.

This appeal involves an interesting question as to the effect of an express limitation upon a special statutory remedy where failure to institute suit more promptly is sought to be explained as a consequence of the celebration of "V-J Day" authorized by the President of the United States in connection with the victory in the Pacific. The action here is on an award of the Third Division of the National Railroad Adjustment Board made against the defendant railroad. The award appears as an order of the Division of June 11, 1943—made a part of the complaint as an exhibit thereto—which directed the railroad to make reimbursement to certain dining car employees for free meals required under the employment contract, the payments to be made "on or before August 16, 1943." The action was actually commenced by filing of the complaint and service of summons on August 17, 1945. This the District Court held not within the two-year period allowed by the statute. Accordingly it granted the defendant's motion under Federal Rules of Civil Procedure, rule 12 (b), 28 U.S.C.A. following section 723c, to dismiss the plaintiffs' "petition," i. e., complaint.

The controlling statutory provisions are found in the Railway Labor Act, § 3(p, q), 45 U.S.C.A. § 153(p, q). Subdivision (p) provides that "if a carrier does not comply with an order of a division of the Adjustment Board within the time limit in such order, the petitioner, or any person for whose benefit such order was made, may file" in the appropriate District Court of the United States a petition claiming relief and setting forth the division's order. After provisions for precedence in trial, for prima facie effect of the division's findings and order as evidence of the facts, for the petitioner's nonliability for costs, except on appeal, and for allowance to him of a reasonable attorney's fee in the

event of success, the statute empowers the district court to enter such judgment as may be appropriate to enforce or set aside the order. Subdivision (q) then states: "All actions at law based upon the provisions of this section shall be begun within two years from the time the cause of action accrues under the award of the division of the Adjustment Board, and not after." Here plaintiffs had alleged that by failure of the carrier "to comply with the order within the time limit set in the order, namely, August 16, 1943, a cause of action accrued to the petitioners on said date"; and the trial court, accepting this date, held that the statute permitted of no exception, and hence that the action was begun one day beyond the ultimate time allowed.

From the affidavits of the parties, filed for and available on the hearing of this motion, F.R. 6(d), 43(e); Samara v. United States, 2 Cir., 129 F.2d 594, 599, certiorari denied 317 U.S. 686, 63 S.Ct. 258, 87 L.Ed. 549, and other cases cited in Second Preliminary Draft of Proposed Amendments to Rules of Civil Procedure, May, 1945, Rule 12(b), note, pp. 14, 15, the facts concerning the institution of suit appear. Thus the affidavit of plaintiffs' counsel showed that on August 15, 1945, he was reliably informed, after due inquiry, that the District Court was closed and would remain closed through August 16; and that on August 16, there appeared a notice in the New York Law Journal that the court, including the clerk's office, would be closed on Thursday, August 16, 1945, the order being signed "By order of the court" in the name of the clerk. Counsel further asserted, on information and belief, that those two days were legal holidays appointed by the President of the United States as days of public rejoicing and thanksgiving for the victory resulting from the surrender of the Japanese Imperial Government. He made no claim or showing of any actual attempt on those days to deposit the complaint in any office in the courthouse or with any of the several judges of the court, with whom filing is now permitted by the terms of the rules. F.R. 5(e); Casalduc v. Diaz, 1 Cir., 117 F.2d 915, certiorari denied Casalduc v. Di-

az Gonzalez, 314 U.S. 639, 62 S.Ct. 74, 86 L.Ed. 512. He relies, however, upon F.R. 6(a), providing for the computation of time under the rules, and specifically that portion of the rule which states that when the last day of "any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute" is a Sunday or legal holiday, "the period runs until the end of the next day which is neither a Sunday nor a holiday."

■ On the issue which was thus presented, the court below held against the plaintiffs both because the rule was not applicable against the statute and because V–J Day was not a legal holiday, citing the interesting discussion on the latter point in 114 N.Y.L.J. 304, Aug. 16, 1945. Without stopping to consider the latter point we may express agreement with the conclusion reached as to the first point. Rule 6(a) is a rule of procedure relating to acts done or proceedings had after the commencement of action and to any statutes expressly applicable to such proceedings. It is not intended to modify and change existing statutes of limitation. 1 Moore's Federal Practice 408; Wyker v. Willingham, D.C.N.D.Ala., 55 F.Supp. 105; cf. 28 U.S.C.A. § 723b; F.R. 82; Sibbach v. Wilson & Co., 312 U.S. 1, 10, 655, 61 S.Ct. 422, 85 L.Ed. 479; Ferd. Mulhens, Inc., v. Higgins, D.C.S.D.N.Y., 55 F.Supp. 42. Without the aid of that rule, the intent of the statute to cut off the statutory right at once upon the termination of the stated period seems tolerably clear. Though its mandatory language may not be decisive, A. J. Phillips Co. v. Grand Trunk Western R. Co., 236 U.S. 662, 667, 35 S.Ct. 444, 59 L.Ed. 774, and Midstate Horticultural Co. v. Pennsylvania R. Co., 320 U.S. 356, 362, 64 S.Ct. 128, 88 L.Ed. 96, yet its design and mode of operation, as stated in Elgin, J. & E. R. Co. v. Burley, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886, and Washington Terminal Co. v. Boswell, 75 App.D.C. 1, 124 F.2d 235, 246, 251, affirmed 319 U.S. 732, 63 S.Ct. 1430, 87 L.Ed. 1694, point that same way. This is a part of the Act setting up a specially constituted board to deal with the so-called minor disputes of the industry—grievances in the interpretation or application of employment agreements. As an integral part of this system, Congress gave the employees a special and favorable statutory remedy, to be exercised within two years "and not after," a period of enforced inaction for the employer, during which he cannot obtain even a declaration of his rights under the original agreement. Washington Terminal Co. v. Boswell, supra. We think, therefore, that a court is not justified in finding any exception to, or extension of, this period. Order of Railroad Telegraphers v. Railway Exp. Agency, 321 U.S. 342, 348, 64 S.Ct. 582, 88 L.Ed. 788; Central Vermont R. Co. v. White, 238 U.S. 507, 511, 35 S.Ct. 865, 59 L.Ed. 1433, Ann.Cas. 1916B, 252.

■■ But even though it was accepted below, and in the original argument before us, that plaintiffs had a right of action as early as August 16, 1943, this deduction seemed to us of doubtful accuracy. The underlying facts, turning upon the division's order, were set forth in the complaint; and these facts, rather than some erroneous theory of law or legal conclusion, even though asserted by plaintiffs themselves, must control the disposition of this action. Ring v. Spina, 2 Cir., 148 F.2d 647, 653; Gins v. Mauser Plumbing Supply Co., 2 Cir., 148 F.2d 974, 976. Accordingly we asked counsel to discuss this problem in supplementary memoranda; and with them before us we have concluded that the plaintiffs had no right to judicial relief before August 17, 1943. Under the wording of subdivision (p) of the Act quoted above, no petition in the district court is authorized until after the carrier has failed to comply with a division's order within the time limit set therein. Cf. System Federation No. 8 of Railway Employers' Department of American Federation of Labor v. Missouri-Kansas-Texas R. Co. of Texas, D.C.N.D.Tex., 40 F.Supp. 803. Since ordinarily "the law makes no fractions of a day," McGill v. Bank of United States, 12 Wheat. 511, 514, 25 U.S. 511, 514, 6 L.Ed 711, it is clear that the defendant carrier had the entire day of August 16, 1943, in which to comply with the award. Greulich v. Monnin, 142 Ohio St. 113, 50 N.E.2d 310, 149 A.L.R. 477; Blydenburgh v. Cotheal, 4 N.Y. 418; Em-

pire Lighting Fixture Co. v. Practical Lighting Fixture Co., 2 Cir., 20 F.2d 295, 297; Bank of Alexandria v. Swann, 9 Pet. 33, 46, 34 U.S. 33, 46, 9 L.Ed. 40. Hence not until the next day had the cause "accrued in a shape to be effectually enforced." United States v. Wurts, 303 U.S. 414, 418, 58 S.Ct. 637, 639, 82 L.Ed. 932. Then by familiar principles of computation, plaintiffs' time for commencing action did not expire until August 17, 1945. Sheets v. Selden's Lessee, 2 Wall. 177, 190, 69 U.S. 177, 190, 17 L.Ed. 822; Burnet v. Willingham Loan & Trust Co., 282 U.S. 437, 51 S.Ct. 185, 75 L.Ed. 448; Tismer v. New York Edison Co., 228 N.Y. 156, 126 N.E. 729.

The situation required by the statutory language here may be contrasted with that of such ordinary claims as for breach of contract or for tort where the right of action is complete at the time of the breach of duty or payment of money at a certain date where the money may be claimed at once. Cf. Rawlings v. Ray, 312 U.S. 96, 61 S.Ct. 473, 85 L.Ed. 605; 1 Wood on Limitation, 4th Ed.1916, 189-196; 34 Am.Jur., Limitation of Actions, §§ 113, 137, 160, 251-253. Presumably here an ordinary law action for breach of contract would lie without reference to the award, and subject to ordinary statutes of limitation. Moore v. Illinois Cent. R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089. But as pointed out in Order of Railroad Telegraphers v. Railway Exp. Agency, supra, this is an action of statutory origin on a quite different basis. The statutory limitation, like the remainder of the Act, must be construed in an endeavor to effectuate its purpose and intent. Even periods of limitation, however arbitrarily they must be applied when once defined, yield in their definition to the purposes intended, and to a general desire to preserve rights against

unexpected and abrupt termination. Compare in general cases cited in 1 Wood, loc. cit. supra; Dutcher v. Wright, 94 U.S. 553, 24 L.Ed. 130; Sands v. Lyon, 18 Conn. 18; Paul v. Stone, 112 Mass. 27; President, etc., of Portland Bank v. President, etc., of Maine Bank, 11 Mass. 204; Judd v. Fulton, 10 Barb., N.Y., 117, 4 How. Prac. 298. Here the statutory purpose seems to us clear not to give a right of action to these plaintiffs until August 17, 1943, and hence to continue it until August 17, 1945.[1] The action being therefore timely, the District Court should proceed to hear the case as presented.

Reversed and remanded.

FRANK, Circuit Judge (concurring).

As the latter part of the opinion (concerning the date when the claim arose) disposes of the case, I have not considered nor do I join in the earlier part.

---

[1] Defendant relies upon Acheson Graphite Co. v. Mellon, D.C.W.D.N.Y., 21 F.2d 562, and Chesapeake & O. R. Co. v. Walton, 4 Cir., 99 F.2d 270; but these decisions actually sustain delayed actions to enforce reparations orders under the Interstate Commerce Act § 16, as amended, 49 U.S.C.A. § 16, by holding the limitation period to run from the date fixed in the order for payment, rather than from the date of the order itself—a point made quite clear in the Act here in issue. Reliance on such general language as that the time "is computable from the time the money is to be paid, and not from the date of the order," is hardly justifiable; the expression is quite imprecise in itself and, moreover, deals with differently worded legislation.